IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Brian Wilson, #319443,                    )        C/A No. 2:15-869-MGL-MGB
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )
                                          )        **REPORT AND RECOMMENDATION**
M. Hope Blackley, Spartanburg County      )
Clerk of Court,                           )
                                          )
                    Defendant.            )
_____)

Brian Wilson ("Plaintiff"), proceeding pro se, brings this civil action alleging violation of an agreement and commercial law.   Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at McCormick Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff brings this civil action against M. Hope Blackley ("Blackley"), the Clerk of Court for Spartanburg County. [Doc. 1 at 1–2.] Although it is difficult to decipher, Plaintiff indicates that he is a debtor and has attempted to discharge his debt using the UCC.[1] [Doc. 1.] Specifically, he alleges on July 7, 2014, he mailed via certified mail to Blackley a "Conditional Acceptance for Value and Request for Proof Claim." [*Id*.] Plaintiff alleges the mail was received and signed for on July 14, 2014, and, after thirteen days with no response, on July 15, 2014, he issued a "Notice of Fault and Opportunity to cure acceptance and a Memorandum of law with Points and Authorities on 'Sovereignty' of the People," which was received and signed for on July 18, 2014.  [*Id*.] After no response,

_____

[1]This Court presumes that Plaintiff refers to the Uniform Commercial Code.

Plaintiff alleges on July 31, 2014, he served Blackley with an "Affidavit of Notice of Default and Certificate of non-response," which was received and signed for on August 8, 2014. [*Id*.] Plaintiff alleges thereafter he "discharged his debt by the 'Accepted for Value / Return for Discharge'" by certified mail September 8, 2014, and signed for and received on September 11, 2014. [*Id*.] He alleges that Blackley was given "72 hours to honor the discharge and adjust the account to" $0. [*Id*.] Plaintiff alleges Blackley failed to adjust the account, and she has continued to commit commercial fraud and violated the agreement with Plaintiff. [*Id*.] Plaintiff signed the Complaint as "Brian K. Wilson, Sr. – Secured Party Creditor, Authorized Representative, Attorney-in-Fact, in behalf of Brian Wilson, Ens legis." [*Id*.] Plaintiff attached exhibits to the Complaint, including copies of return receipts apparently signed for by persons in the Spartanburg County Clerk of Court's Office. [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with

2

screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v.*

3

*McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed because Blackley has absolute immunity from suit. Blackley is alleged to be the Clerk of Court for Spartanburg County.  Plaintiff complains about Blackley's misconduct of failing to respond to his letters and documents, failing to discharge his debt, and failing to adjust his account to $0.  Thus, Plaintiff implicitly alleges that Blackley did not properly conduct her duties in her role as the Clerk of Court.  It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions.  *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).  Notably, clerks of court and other court support personnel are entitled to immunity similar to judges when performing their quasi-judicial duties.  *See Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011); *Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010).  "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).  Here, the alleged wrongful acts, or failures to act, were part of the Clerk of Court's alleged quasi-judicial functions.  *See*

4

*Baccus v. Wickensimer*, C/A No. 9:13-1977-DCN-BM, 2013 WL 6019469, at *2–3 (D.S.C. Nov. 13, 2013) (explaining that certain acts in the clerk of court's role were judicial acts and that judicial immunity is from claims for damages and injunctive relief). Thus, Defendant has absolute quasi-judicial immunity from this lawsuit.

Moreover, from a review of the Complaints and exhibits, this Court believes that this action should be dismissed based on frivolousness because it lacks an arguable basis in law. *See Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact).

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

May 22, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).