

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BRIAN WILSON, | § | |
|           Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:15-869-MGL |
| | § | |
| M. HOPE BLACKLEY, Spartanburg County | § | |
| Clerk of Court, | § | |
|           Defendant. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS.

This case was filed as a 42 U.S.C. § 1983 action.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the Complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 22, 2015, and the Clerk of Court entered Plaintiff's objections on June 9, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Although Plaintiff claims are difficult to decipher, the gist of them appear to be that Defendant wrongfully failed to discharge his debt in violation of the Uniform Commercial Code. Complaint 3. "As of [this] date[,] the defendant has continue[d] to commit commercial fraud and is in violation of [the] agreement with the plaintiff." *Id* at 4.

"It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions." Report 4 (citing *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)). "Notably, clerks of court and other court support personnel are entitled to immunity similar to judges when performing their quasi-judicial duties." *Id*. (citing *Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011)).

In this case, Defendant's alleged wrongful acts and/or her alleged failure to act are a part of her purported quasi-judicial functions. Consequently, Defendant is entitled to absolute quasi-judicial immunity from Plaintiff's lawsuit. Plaintiff's claims to the contrary (in his objections) are meritless. Because Defendant is immune from suit, the Court need not address Plaintiff's remaining objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 30th day of June, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.